Commonwealth *v.* Socci, Appellant.

Argued November 18, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER and WRIGHT, JJ. (WOODSIDE and ERVIN, JJ., absent).

*Norman Landy*, with him *Norman Paul Wolken* and *Wolken & Landy*, for appellant.

*R. Carlyle Fee*, Special Assistant District Attorney, with him *J. Murray Buterbaugh*, District Attorney, for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

Defendant was tried and convicted of larceny. Sentence was imposed and motions for a new trial were refused by the court below. Defendant complains of the admission into evidence of his prior conviction of a felony and the manner of its introduction.

The defendant took the stand in his own behalf and denied any connection with the crime charged. For the purpose of impeaching his credibility the Commonwealth introduced the record of a prior conviction. This is an approved method of attacking credibility: *Commonwealth v. Gibbs*, 167 Pa. Superior Ct. 79, 74 A. 2d 750. However, the defendant objected to the introduction of this record on the ground that the Commonwealth did not produce a proper custodian of

the record to prove the accuracy and completeness thereof. The record introduced was a duly certified copy of the record from the Court of Quarter Sessions of Allegheny County. A record which bears the seal of any court in the state is admissible, since the court will take judicial notice of the seal: *Commonwealth v. Snowden,* 1 Brewst. 218. Furthermore, defendant admitted on the stand that he was on parole at the time. It is not, therefore, seriously contended that the Commonwealth did not introduce a true record of a prior conviction.

However, defendant's other objections are well taken. In introducing the record of the prior conviction of a felony, the Commonwealth read the entire indictment, including a count for a crime of which defendant was found not guilty. The defendant had been convicted of receiving stolen goods and acquitted of the charge of burglary, yet the district attorney read the indictment in full on all counts. Such a procedure is clearly prejudicial. Even a reference to a prior indictment or arrest has been held improper. "With respect to impeachment of witnesses by records of previous convictions, it has been decided that 'conviction' must be given its strict technical meaning . . . There must be a *judgment* of conviction." *Commonwealth v. Palarino,* 168 Pa. Superior Ct. 152, 156, 77 A. 2d 665. The rule is similar to the rule limiting cross-examination of a defendant as to prior offenses under the Act of March 15, 1911, P. L. 20, 19 PS §711. Under that act, a defendant, under certain circumstances, may be cross-examined as to prior convictions only of felonies and misdemeanors in the nature of crimen falsi. To cross-examine a defendant in respect to anything other than a *conviction* of an offense of the type permitted is error: *Commonwealth v. Arcurio,* 92 Pa. Superior Ct. 404; *Commonwealth v. Wiswesser,* 124 Pa.

Superior Ct. 251, 188 A. 604. The same holds true for the introduction of records of prior offenses. To relax the rule would permit the creation of untold prejudice in the minds of jurors by making known that a given defendant had merely been arrested or even indicted without conviction. This defendant's defense rested almost wholly on his own credibility in respect to his denials. To read to the jury an entire indictment of a crime of which defendant was acquitted could serve no purpose other than greater impeachment of him as a witness, based on a crime of which he had been adjudged innocent.

Judgment reversed and new trial awarded.