Commonwealth *v.* Napoli, Appellant.

Argued November 18, 1955.   Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*W. Bradley Ward,* with him *Herman Steerman,* for appellant.

*Victor Wright,* Assistant District Attorney, with him *William T. Gennetti,* Assistant District Attorney, *Vincent G. Panati,* First Assistant District Attorney and *Samuel Dash,* District Attorney, for appellee.

OPINION BY WRIGHT, J., January 17, 1956:

On the afternoon of March 21, 1950, a robbery occurred in a branch office of the Receiver of Taxes located at 1804 South Broad Street in the City of Philadelphia. Joseph Napoli was the cashier on duty at the time, and the theory of the Commonwealth was that there was a conspiracy between him and the actual robbers. Napoli and three of his alleged co-conspirators were subsequently indicted (October Sessions 1952) on bills nos. 1537, 1538, 1539, and 1540, charging respectively, armed robbery, burglary, conspiracy to commit burglary, and conspiracy to commit robbery. The three alleged co-conspirators pleaded guilty and, together with a fourth alleged co-conspirator who was not indicted,[1] testified for the Commonwealth at the trial of Napoli. The jury returned a verdict of guilty. Napoli's motions for a new trial and in arrest of judgment were overruled. Sentence was imposed, and this appeal followed.

---

[1] According to the agreed statement of facts, this fourth man had a long criminal record, was serving time for other offenses, and was promised immunity from prosecution in connection with the particular robbery here involved.

At the trial appellant called twenty-one witnesses who testified concerning his good reputation as an honest, truthful, and law abiding citizen. The sole question before us on this appeal, as stated by counsel for appellant, is as follows: "Did the trial judge err in his instructions to the jury with respect to the meaning and effect of evidence of defendant's good reputation". The pertinent portion of the charge appears in the footnote.[2]

In giving instructions to the jury, especially concerning a subject which must be dealt with so frequently as evidence of good reputation, trial judges should adhere to language which has met with judicial approval.[3] To depart therefrom is only to invite attack upon the charge. However, in the case at bar no exception, either specific or general, was taken, nor was any request made for elaboration. It is the duty of

---

[2] "Good reputation is not something extra just thrown into the jury box as a makeweight for whatever good it might do. The law says that evidence of a man's good character is sometimes the only thing that he has to present with his denial, because it isn't every charge, every kind of offense where a man may have witnesses. He may have only his denial. Whether that is so or not in every case, the defendant's good reputation is substantial evidence. It is no less important than any other evidence, and not more so. Obviously it doesn't mean that a person with a good reputation is automatically incapable of committing a crime. Of course not. But it does count along with the other evidence in the case. The law says that good character, reputation evidence, may of itself raise a reasonable doubt in the minds of the jury. Not that it must, but that it may. In a way that describes the kind of evidence it is, it is as strong as the direct evidence in the case, and therefore if you could have a reasonable doubt about the eye witnesses, the actual testimony, then the presence of the good character evidence in the case, being of the same quality, could also raise a reasonable doubt in your minds".

[3] For judicially approved points for charge on evidence of good reputation, see *Commonwealth v. Stoner*, 265 Pa. 139, 108 A. 624.

trial counsel to call attention to matters which have not been properly covered in the charge: *Commonwealth v. Salerno,* 179 Pa. Superior Ct. 13, 116 A. 2d 87. Counsel may not remain silent and take his chance of a verdict and then, if it is adverse, complain of matters which could have been immediately rectified: *Commonwealth v. Walker,* 178 Pa. Superior Ct. 522, 116 A. 2d 230. The following excerpt from the opinion of Mr. Justice Arnold in *Commonwealth v. Cisneros,* 381 Pa. 447, 113 A. 2d 293, is particularly appropriate:

"The charge by the court on reasonable doubt was unimpeachable in the light of the fact that no further elaboration of instructions was asked for by the trial counsel. While the court did not specifically charge that character evidence alone might work an acquittal of the defendant, no exception was taken to this charge nor was the matter raised in a motion for new trial. However, in the absence of a request for such instruction, it was not error to fail to charge it. This court said in Commonwealth v. Barnak, 357 Pa. 391, 419, 54 A. 2d 865: 'Taking an appeal in criminal cases is not a game in which the appellant wins if he can show that the trial judge fell a few degrees short of perfection in the conduct of his trial. This court has consistently refused to reverse convictions of murder in the first degree, even with the death penalty imposed, for errors in the conduct of the trial or in the admission of evidence or in the Judge's charge, when these errors did not deprive the defendant of the fundamentals of a fair trial' ".

Conceding that the language of the trial judge in the case at bar was something less than perfect, we are nevertheless convinced that appellant received a fair trial, and that he was not prejudiced by the charge considered, as it must be, in its entirety. See *Commonwealth v. Lance,* 381 Pa. 293, 113 A. 2d 290. As we

reiterated in *Commonwealth v. Vogle,* 174 Pa. Superior Ct. 541, 102 A. 2d 213, "a conviction will not be reversed because of errors in the charge of the trial judge which do not deprive defendant of the fundamentals of a fair trial". While this is sufficient to dispose of the appeal, we will briefly discuss appellant's argument.

Appellant first contends that the trial judge confused the jury by using the words "character" and "reputation" interchangeably. It is of course true that the terms are not synonymous. The former is what a man is, the latter is what he is supposed to be: *Hopkins v. Tate,* 255 Pa. 56, 99 A. 210. However, the distinction has not been generally observed. See *Commonwealth v. Howe,* 35 Pa. Superior Ct. 554. As pointed out in the *Cisneros* case, supra, jurors are ordinarily not philologists or lexicographers. In our view, failure of a trial judge to distinguish the terms does not constitute reversible error.

Appellant next contends that the trial judge suggested to the jury that reputation evidence "was available only in a case where the defendant has 'only his denial' and no other witnesses but himself". While this restriction upon the use of reputation evidence would be improper, we do not perceive that the jury could have reasonably understood that the trial judge intended to convey such a meaning. The interpretation advanced by appellant's counsel can be obtained only by lifting an individual sentence from the context, which practice has been repeatedly condemned. See *Commonwealth v. Kloiber,* 378 Pa. 412, 106 A. 2d 820.

Appellant's final and principal contention is that the trial judge in effect instructed the jurors that they should consider the evidence of good reputation only if the other testimony in the case created in their minds a reasonable doubt. However, we do not interpret the

language in question as falling within the line of cases ably digested at considerable length by appellant's counsel. A typical example is *Heine v. Commonwealth*, 91 Pa. 145, wherein the trial judge charged: "If a man is guilty, his previous good character has nothing to do with the case; but if you have doubt as to his guilt, then character steps in and aids in determining that doubt". More plausible is the interpretation placed upon his own language by President Judge Bok as follows: "The whole portion of the charge shows the trial judge to have said that such evidence may of itself raise a reasonable doubt and that if the jury could have such a doubt about the evidence of an eyewitness, it could have one arising from the evidence of good reputation, which is of the same quality".

The judgment is affirmed, and it is ordered that appellant appear in the court below at such time as he may there be called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.