## Commonwealth *v.* Haas, Appellant.

228

Argued April 10, 1962. Before Rhodes, P. J., Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ.

*Thomas H. Cauley,* with him *Cauley, Birsic & Clarke,* for appellant.

*William Claney Smith,* Assistant District Attorney, with him *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., June 13, 1962:

Gerard Haas was brought to trial in the Court of Quarter Sessions of Allegheny County on a bill of indictment containing three counts as follows: (1) adultery, (2) adultery and bastardy, and (3) fornication and bastardy. Since the testimony disclosed that Haas was a married man, the trial judge withdrew count three from the jury's consideration. After requesting and receiving additional instructions, the jury returned a verdict of guilty on counts one and two. A motion filed by Haas for a new trial was refused, and sentence was imposed. This appeal followed.

The prosecutrix, a divorced woman thirty-one years of age, testified that appellant posed as a single man; that she and appellant had been sexually intimate on a number of occasions during November and December, 1959, and January, 1960; that she had not had relations with anyone else during this period; that she became aware of her pregnancy on or about January 15, 1960, and informed appellant of that fact; that appellant acknowledged that he was the father of the child, and "told me to get rid of it"; and that the child was born on October 4, 1960. Appellant testified that he was a married man; that he had been intimate with the prosecutrix four or five times "maybe six at the very most"; but that such intimacies ceased "around the end of November". However, he later admitted that he had visited the prosecutrix in her home on Christmas Eve.

It is apparent from the foregoing recital that the evidence was amply sufficient to support the jury's verdict. Indeed, appellant raises no question in that regard. His sole contention on this appeal is that certain language used by the trial judge in the additional instructions was erroneous and misleading. It should be here stated by way of explanation that, after the jurors retired, they asked for a transcript of the charge.

Rather than re-read the entire charge, the trial judge summarized its essential features. The language of which appellant complains is as follows: "It is just as simple as that. Is this defendant the father of that child over there, from the evidence presented here, wherein he admits he had sexual relations with her at a time when he could have been the father of the child? That is all the testimony there was. He admits it and she said he did. There is a child. Now, I can read behind your blank gazes that you suspect the possibility of other things. That is not in this case. There is no evidence in the case presented as to that matter whether somebody might have been or not".

The gravamen of appellant's argument is that the jurors were told "not to consider the possibility that one, other than the defendant, might have impregnated her". We are not in accord with this contention. It is well settled that the charge of a trial judge must be considered as a whole: *Commonwealth v. Butler,* 405 Pa. 36, 173 A. 2d 468; *Commonwealth v. Eberhardt,* 164 Pa. Superior Ct. 591, 67 A. 2d 613. As we said in *Commonwealth v. Walker,* 178 Pa. Superior Ct. 522, 116 A. 2d 230: "It is our duty to consider the charge as a whole, and excerpts therefrom must be read in relation to their context . . . In determining whether a charge contains reversible error, it will be viewed in its entirety . . . If the charge as a whole is accurate and fair, objections to isolated excerpts therefrom do not form a proper basis for a reversal . . . Nor will a conviction be reversed because of errors in the charge which do not deprive the accused of the fundamentals of a fair trial".

Prior to the language in question the trial judge said: "In substance, the question then before you is this: Is this girl telling the truth or is the other individual telling the truth". Following thereafter, the trial judge said: "In order for the Commonwealth to

prove its case you must believe the Commonwealth's witnesses. If you don't believe the Commonwealth's witnesses, certainly you have a reason to acquit the defendant, because in that case the burden is on them. I can't see what the question is here in view of the fact that he admits that he had sexual relations with the woman, and there is no reason for you to believe, as far as the case is concerned, that this child was not conceived of that relationship, unless you suspect otherwise that there might have been somebody else concerned, and in that case certainly it would go out the window. You wouldn't know whose child it was".

Viewing the additional instructions as a whole, and in the light of the original charge, we find that the issues involved in the instant case were fairly submitted to the jury. The trial judge properly emphasized that the pivotal question was one of credibility. It was a fair comment on the evidence to state that there was no testimony that any other man had relations with the prosecutrix during the period of possible conception. Indeed, it is not error for a trial judge to express his opinion as to the weight and effect of the evidence, or even the guilt or innocence of the defendant, provided this is done fairly and not intemperately, and provided also he does not give a binding direction or interfere with the province of the jury: *Commonwealth v. Thompson*, 367 Pa. 102, 79 A. 2d 401. See also *Commonwealth v. Pursel*, 110 Pa. Superior Ct. 110, 167 A. 399. We have concluded that the trial judge in the case at bar did not take from the jurors their prerogative of rendering a verdict upon the facts as they found them.

It should be further noted that no exception whatever was taken by appellant's counsel at the time of trial, either to the original charge or to the additional instructions. If the alleged error had been so flagrant as is now asserted, it was the duty of counsel to call the

trial judge's attention to it. We have consistently held that, except for basic or fundamental error, objections to the charge are waived by failure to take exception thereto: *Commonwealth v. Parente,* 184 Pa. Superior Ct. 125, 133 A. 2d 561. Counsel may not remain silent and take his chance of a verdict and then, if it is adverse, complain of matters which could have been immediately rectified: *Commonwealth v. Napoli,* 180 Pa. Superior Ct. 266, 119 A. 2d 846. An isolated portion of the charge taken out of context, and to which no objection was made at the trial, and not containing fundamental error, does not form a proper basis for reversal: *Commonwealth v. Donough,* 377 Pa. 46, 103 A. 2d 694.

Judgment affirmed.