Opinion by
Montgomery, J.,
This is an appeal by Edward Arnold Church, one of the defendants, from a judgment of sentence following verdicts of guilty before a judge and jury on charges of robbery, burglary and larceny and receiving stolen goods.
The evidence, though circumstantial, was sufficient to support the verdicts, and appellant’s motion in arrest of judgment was properly overruled. Appellant Church entered Deger’s jewelry store in Chester, Pennsylvania about 9:45 a.m., alone and unarmed. He told the saleswoman, Mrs. Hester, he desired to purchase a bracelet for his wife. Some five minutes later, after he had been shown various items, two masked men entered the store. One of the men held a twelve-inch gun against Mrs. Hester; the other man, wearing a turban, ordered Church to “get the money”. Church obtained the money from the cash register and with the turbaned man removed money, diamond rings, and watches from the safe. The masked men then departed, leaving Church and the saleswoman in the store. *347 In response to her inquiry, Church told Mrs. Hester he could not identify the men. She called the police, and although she asked Church to stay, he replied, “I have to go, nobody is going to shoot you in broad daylight, I will see you tomorrow”, and left. A week later the police arrested Church at his residence in Chester and found two pawn tickets on his person, in his name, for two of the diamond rings stolen in the robbery. Church was not identified as the person who pawned the rings beyond the fact of his name on the tickets. The police obtained the rings from the pawnshop in Philadelphia.
Appellant testified he did not return to the scene of the robbery as promised because of a conversation he had with his attorney. The trial judge ruled that any evidence relating to the substance of his conversation with his attorney was inadmissible as hearsay. Appellant contends the exclusion of this evidence as hearsay was error. However, he was permitted to show the fact of the conversation with his attorney, and that as a result of that conversation he decided not to return to the robbery scene. Appellant received all he was entitled to, and the exclusion of the substance of the conversation with counsel was not reversible error, aside from the question of whether the excluded testimony was hearsay.
Appellant’s main contention is that the Commonwealth was permitted to introduce through cross-examination, evidence of prior criminal charges, and his criminal record in general, in violation of the rule that only convictions of misdemeanors and felonies in the nature of crimen falsi may be used to impeach credibility.
Here appellant took the stand in his own behalf and called witnesses to establish his good character. The general rule is clear that cross-examination of a de *348 fendant as to other specific offenses is limited to convictions of offenses in the nature of crimen falsi, and it is error to cross-examine a defendant as to arrests, indictments, and a prior record not resulting in convictions of the type permitted. Act of March 15, 1911, P. L. 20, 19 P.S. §711; Commonwealth ex rel. Sprangle v. Maroney, 428 Pa. 589, 225 A. 2d 236 (1967); Commonwealth v. Williams, 307 Pa. 134, 160 A. 602 (1932); Commonwealth v. Quaranta, 295 Pa. 264, 145 A. 89 (1928); Commonwealth v. Conard, 206 Pa. Superior Ct. 33, 211 A. 2d 14 (1965); Commonwealth v. Socci, 177 Pa. Superior Ct. 426, 110 A. 2d 862 (1955) ; Commonwealth v. Hurt, 163 Pa. Superior Ct. 232, 60 A. 2d 828 (1948); Commonwealth v. Wiswesser, 124 Pa. Superior Ct. 251, 188 A. 604 (1936).
However, a defendant may open the door and voluntarily step beyond the protection of the Act of 1911, supra, and the general rule prohibiting the introduction of evidence concerning his prior and other crimes. Commonwealth v. Garrison, 398 Pa. 47, 157 A. 2d 75 (1959); Commonwealth v. Garnett, 204 Pa. Superior Ct. 113, 203 A. 2d 328 (1964). In his own testimony, appellant referred to his prior record at length and in detail in an effort to show that he was originally a bad actor who, having obtained a college education and become employed as a social worker, was now completely reformed. On direct examination he testified he had two reasons for leaving the store before the police arrived, and not returning, namely, that he had “just come from Broadmeadows two weeks before” the incident and had an appointment with a prominent social worker to secure employment in that field at a salary of $9,500 per year, and “that my being there, having had some difficulties as a juvenile would [not] help my obtaining this position.” On direct examination defendant again alluded to the fact that he had *349 had some difficulties as a juvenile, “mainly fighting”, as an additional reason for not returning to the jewelry store. On cross-examination the District Attorney, referring to appellant’s statement as' to his juvenile difficulties “mainly as a result of fighting”, asked him if his juvenile record did not show he was there for “arson, for extortion, for threats to kill and for the robbery of the Columbus Center Club”? Appellant admitted to this juvenile record, stating, “All this was the result of our having fought.”
On redirect examination appellant stated he had two convictions as an adult, assault and robbery. Replying to his counsel’s question as to his juvenile convictions, he stated, “There were many, I really couldn’t say.” Appellant’s counsel did not have the juvenile record but received an affirmative reply to the question, “Are you telling the jury that you were a bad guy when you were young?”
Appellant insisted upon making his own closing address to the jury (which was made part of the record in this case), in the course of which he explained his prior life history and criminal record, again in an effort to show he had seen the error of his ways and was now reformed and reliable.
In its charge, of which appellant complains, the court in substance stated that his “prior record” could not be considered as proof of commission of the offense charged, but only as “evidence which you should consider in passing upon his credibility.” In this case, where appellant himself voluntarily disclosed his full prior record, this charge was not unfair to defendant, nor fundamental error requiring a new trial. He disclosed his prior record voluntarily in an effort to show his candid action showed he was truthful in all matters and not guilty of the robbery charged here. As stated in Commonwealth v. Garnett, supra, at page 118, *350 “Every reference to the prior record of one on trial in a criminal case is not prejudicial error, and much depends upon the attending circumstances . . .”
Judgment of sentence affirmed, and the defendant is directed to appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with the sentence, or any part thereof which has not been performed at the time the appeal was made a supersedeas.