414 A.2d 391

COMMONWEALTH of Pennsylvania

v.

Howard Eugene WHITE, Appellant.

Superior Court of Pennsylvania.

Argued Aug. 27, 1979.

Filed Nov. 16, 1979.

Charles B. Swigart, Huntingdon, for appellant.

Arvin Maskin, Deputy Attorney General, Harrisburg, for Commonwealth, appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Appellant, Howard Eugene White, appeals from the judgments of sentence imposed following his conviction of murder of the third degree, rape and aggravated assault in a non-jury trial in the Court of Common Pleas of Bedford County.

White advances two assignments of error in support of his request for a new trial or, in the alternative, a remand for resentencing. Neither of appellant's claims has merit. Accordingly, we affirm the judgments of sentence.

The charges against White arose out of events which occurred on January 9, 1977, in the apartment of Shirley White, his former wife. White had gone there armed with a handgun for the announced purpose of picking up a set of encyclopedias Shirley had taken with her when she moved out of the family dwelling. As Shirley and her male companion, William "Buck" Weaver, each carried an armload of

---

* Chief Justice MICHAEL J. EAGEN of the Supreme Court of Pennsylvania, and Judge WARREN K. HESS of the Court of Common Pleas of Berks County, Pennsylvania are sitting by designation.

books to White who waited near the front door, White began firing the gun at them. Four of the shots fired at Weaver struck him and wounded him fatally. One of the shots fired at Shirley struck and wounded her in the forearm. Thereafter, White raped his former wife.

At trial there was little dispute as to the factual basis of the crime. The chief issue was defendant's state of mind at the time the acts were committed. White, who claimed to be suffering from amnesia, testified he could not recall the episode. As a result, defense counsel was granted permission to have a psychiatric examination conducted for the purpose of "breaking through" the amnesia. White was put under the influence of sodium amytal, a "truth" drug, and a video tape of the examination was made. The tape was admitted at trial, over the Commonwealth's objection, for the limited purpose of allowing the court to see and hear one of the bases for the expert's opinion regarding White's state of mind at the time of the crime.** When the defense rested, counsel offered the video tape as general evidence. The court sustained the Commonwealth's objection and refused the offer on the basis that the interview statements were hearsay and did not have the indicia of reliability necessary to qualify as an exception to the rule against hearsay evidence.

The reasons for excluding hearsay evidence are that: (1) it is not given under oath; (2) the declarant is not personally present at trial so that his demeanor may be observed; and, (3) the declarant is not subject to cross-examination. McCormick, Evidence § 245 (2d ed. 1972). The last reason is usually considered the most important. There are exceptions to the rule against the use of hearsay evidence for certain types of declarations that are deemed

** The examining psychiatrist, Dr. Robert L. Sadoff, a specialist in narcoanalysis, testified White was suffering from a bona fide amnesia which resulted from psychological repression of the memory of the criminal episode. He further stated the presence of amnesia was evidence that White acted in the heat of passion at the time he committed the acts rather than in a thoughtful and deliberate manner.

highly trustworthy, without regard to whether the witness' testimony would, otherwise, be unavailable. Other exceptions are made for out-of-court declarations where a showing of necessity—*i. e.* unavailability—is coupled with indicators that the declarations are reliable and trustworthy. *See* McCormick, Evidence, *supra*, § 244 *et seq.*

■ In this case, the requirement of necessity is present in White's unavailability due to loss of memory of the criminal episode. The examining psychiatrist testified as to the genuineness of White's amnesia. However, the record contains no showing that the statements made by White under the influence of sodium amytal were reliable. In fact, the psychiatrist who conducted the narcoanalysis interview of White testified that statements made under the influence of sodium amytal are not generally accepted as reliable and that the purpose of the interview in question was not to determine truth. Furthermore, Pennsylvania courts that have considered the issue have refused to admit the results of "truth serum" tests in the absence of any showing of reliability. *Commonwealth v. Butler*, 213 Pa.Super. 388, 247 A.2d 794 (1968). *See also Commonwealth v. Tally*, 456 Pa. 574, 578, 318 A.2d 922, 924 (1974), *allocatur refused*, where statements obtained during narcoanalysis were characterized as "inadmissible hearsay." *Accord*, McCormick, Evidence, *supra* at § 208. Thus, the court below properly refused to admit the tape as general evidence.

■ In addition, White claims the trial court abused its discretion in sentencing him to a minimum of ten years imprisonment for his conviction of murder of the third degree. His argument in support of this claim is simply that the court unduly emphasized the gravity of the offense to the neglect of other factors required to be considered by the "Sentencing Code." 18 Pa. C.S.A. § 1321(b). White contends the court evidenced a preoccupation with the gravity of the offense by its statement that White's crime was much closer to first or second degree murder than it was to voluntary manslaughter. The facts of this case support the sentencing court's statement. Moreover, the court clearly indicated

that it considered the other factors required by the "Sentencing Code"—*viz.*, protection of the public and rehabilitative needs of the defendant. More specifically, the court considered the report of a pre-sentence investigation which set forth a personality profile of the defendant, his lack of a prior criminal record, and his good conduct while on bail. The court did not abuse its discretion in imposing sentence in this case and its determination must be respected. *See Commonwealth v. Knight*, 479 Pa. 209, 387 A.2d 1297 (1978); *Commonwealth v. Martin*, 466 Pa. 118, 351 A.2d 650 (1976).

Judgments of sentence affirmed.