J-S42015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN BRYAN CONOVER | : | |
| | : | |
| Appellant | : | No. 1749 MDA 2017 |

Appeal from the Judgment of Sentence May 31, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0001586-2016

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                         **FILED NOVEMBER 29, 2018**

Kevin Bryan Conover appeals from the judgment of sentence of fifteen months to four years incarceration after a jury convicted him of burglary, criminal trespass, and theft by unlawful taking.  We affirm.

The trial court offered the following summary of the history of this case.

> On October 6, 2015, [Appellant] was discovered on the property of Beverly Eaby loading his truck with items that had been taken from a storage facility on the property.  [Appellant] initially attempted to get into his truck and drive away, but Eugene Ryndycz reached into the truck and took the keys.  [Appellant] pursued Mr. Ryndycz, but then ran away into the fields behind the property when Mr. Ryndycz retrieved a crowbar.  [Appellant] hid out with friends following the incident and never went to the police or attempted to retrieve or inquire about his truck.  Police were unable to located [sic] [Appellant] until March 17, 2016, despite his identity being known.

> Following trial on November 30 and December 1, 2016, a jury found [Appellant] guilty of burglary of a building or occupied structure with persons present, criminal trespass and theft by unlawful taking.  [Appellant] was sentenced on February 9, 2017 to an aggregate term of twenty-four months to four years of

_____
*   Retired Senior Judge assigned to the Superior Court.

incarceration. [Appellant] filed a post-sentence motion on February 21, 2017, which was granted, in part, by Order dated April 18, 2017. At [Appellant's] resentencing on May 31, 2017, it was noted that the record lacked sufficient evidence to establish that persons were present during the commission of the burglary. [Appellant] was resentenced to an aggregate term of fifteen months to four years of incarceration. [Appellant] filed a second post sentence motion on June 9, 2017, which was denied by operation of law on October 12, 2017. [Appellant] filed his notice of appeal on November 9, 2017.

Trial Court Opinion, 1/8/18, at 1-2 (footnotes and repetition of numbers in numeral form omitted). Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents one question for our review:

Did the trial court err in refusing to permit [Appellant] to testify that two men offered him $100 to assist them in loading their possessions onto his truck to take them to auction, where this testimony was not hearsay, offered for its truth, but was being offered to explain [Appellant's] course of action and his state of mind?

Appellant's brief at 5.

Appellant's issue challenges the trial court's evidentiary ruling. Accordingly, the following principles apply.

The admissibility of evidence is a matter addressed solely to the discretion of the trial court, and may be reversed only upon a showing that the court abused its discretion. For there to be abuse of discretion, the sentencing court must have ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Johnson**, 179 A.3d 1105, 1119-20 (Pa.Super. 2018) (internal citations and quotation marks omitted).

- 2 -

However, even if this Court determines that the trial court erred in making an evidentiary ruling, the judgment of sentence may be affirmed if that error was harmless. "[T]he doctrine of harmless error is a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt." *Commonwealth v. Allshouse*, 36 A.3d 163, 182 (Pa. 2012) (internal quotation marks omitted). "An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict." *Commonwealth v. Green*, 162 A.3d 509, 519 (Pa.Super. 2017) (*en banc*) (internal quotation marks omitted).

Appellant's defense at trial, as outlined in counsel's opening statement, was that he did not intend to steal anyone's property. Rather, an acquaintance of Appellant who did not have a truck sought Appellant out and offered him $100 to load his truck with items that belonged to the acquaintance, which were stored at Eaby's Auto Sales, and drive them to an auction. N.T. Trial, 11/30-12/1/16, at 56-57. Accordingly, when testifying in his defense, Appellant explained that he was leaving work when the acquaintance, Ward Robinson, and another man pulled up alongside Appellant's truck. *Id*. at 173. Appellant was about to detail the substance of the conversation when the Commonwealth raised a hearsay objection. *Id*. at 174. Appellant argued that the statements were being offered to explain Appellant's course of conduct,

rather than for the truth of the statements. *Id*. Outside of the presence of the jury, Appellant gave the following offer of proof as to the content of the proposed testimony:

> [Appellant] is going to testify that as he was leaving the place that he just described, that two gentlemen came to him. And one or both of them suggested to him that he could make a hundred bucks if he would load into his pickup truck the -- some items that they wished to take to an auction.
>
> He then followed those men in their car. They were in their car. He followed in his truck. And they took him to Eaby's, whereupon they pointed out the items and he loaded them into his truck.
>
> And, of course, while he was loading them, Mr. Ryndycz and Miss Eaby came along.

*Id*. at 175.

Appellant contended that the out-of-court statements were not hearsay because they were not being offered for the truth of the matters asserted. Indeed, Appellant acknowledged that the statements at issue were false, as the gentlemen had no authority to dispose of the property. *Id*. at 176. The trial court ruled that the statements, central to Appellant's defense, were offered for their truth, and that Appellant was not permitted to testify as to them. *Id*.

Following the trial court's ruling, Appellant testified that, after meeting Mr. Robinson and the other man, he followed them to the Eaby property, where they pointed out a pile of boxes, a floor heater, and a snowblower. *Id*. at 178. The men loaded the items into Appellant's truck, then drove away to

meet someone. *Id*. at 179. After they left, Appellant sought to secure the things in the back of the truck, and Ms. Eaby and Mr. Ryndycz arrived and questioned what Appellant was doing. *Id*. at 179-80. Appellant indicated that he was loading the items up for some gentlemen and was going to take them to a consignment shop. *Id*. at 180. When Mr. Ryndycz asserted that the items belonged to him, Appellant indicated that, as far as he knew, they belonged to Mr. Robinson, and attempted to call him, but Mr. Robinson hung up on Appellant. *Id*. at 180-81. Mr. Ryndycz took Appellant's keys and came at him with a tire iron. *Id*. at 182. Another call to Mr. Robinson went straight to voicemail, and Appellant panicked and fled. *Id*.

We agree with Appellant that the statements at issue were not hearsay. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Commonwealth v. Rega*, 933 A.2d 997, 1017 (Pa. 2007) (internal quotation marks omitted). "An out of court statement offered not for its truth but to explain the witness's course of conduct is not hearsay." *Id*.

The statements of Mr. Robinson that Appellant sought to introduce were not being offered to prove that the two men actually had the right to dispose of the property or were willing to pay Appellant $100. Rather, Appellant intended to use the statements to explain why he went to the Eaby property and loaded the items found there into his truck. Accordingly, the trial court erred in excluding the statements. *See*, *e.g.*, *Commonwealth v. Johnson*,

42 A.3d 1017, 1035 (Pa. 2012) (holding officer's testimony that a detective believed a boot may have been used as a weapon was not hearsay, as it was offered not as proof that the boot was the weapon, but to explain why the officer seized it as potential evidence).

However, we agree with the trial court that the error was harmless. The trial court explained that, in spite of the hearsay ruling, Appellant "was still able to allege the fact of the conversation and to explain his actions and his state of mind as a result of the conversation." Trial Court Opinion, 1/8/18, at 5 (citing **Commonwealth v. Flagg**, 242 A.2d 921, 922 (Pa.Super. 1968) (finding no reversible error where, although trial court excluded as hearsay contents of conversation with attorney, the defendant "was permitted to show the fact of the conversation with his attorney" and the actions he took as a result)).

As detailed above, the jury heard that Appellant had a conversation with Mr. Robinson and that, as a result, Appellant believed Mr. Robinson had the authority to dispose of the boxes and other items on the Eaby property, that Appellant went to the property at the behest of Mr. Robinson and his companion, that Mr. Robinson and his companion were the ones who loaded the items into Appellant's truck, and that Appellant intended to take the truckload of property to a consignment shop per Mr. Robinson's instructions. As such, any prejudice from the trial court's refusal to detail the precise language of Appellant's conversation with Mr. Robinson and the offer of $100

for Appellant's services, was *de minimis* and could not have contributed to the verdict. ***See***, ***e.g.***, ***Commonwealth v. Cooper***, 941 A.2d 655, 667 (Pa. 2007) (holding murder defendant was not entitled to relief on claim that trial court erred in excluding victim's statements to her coworkers that her boyfriend, who the appellant claimed was the actual murderer, caused bruises and burn marks on the victim's body, where the jury heard that the boyfriend had been physically abusive to the victim).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2018