J-S77025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOEL BLACKSON :
:
Appellant : No. 1371 EDA 2017

Appeal from the PCRA Order April 12, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1101781-1998

BEFORE: OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.: **FILED JUNE 07, 2019**

Appellant, Joel Blackson, appeals from the April 12, 2017 Order dismissing as untimely his third Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we find that Appellant properly pleaded and proved an exception to the PCRA time-bar and, therefore, we reverse.

The relevant factual and procedural history is as follows. On August 11, 1999, following a non-jury trial, the Honorable Willis Berry, Jr. convicted Appellant of Third Degree Murder and related offenses. On September 27, 1999, Judge Berry sentenced Appellant to an aggregate term of 17½ to 35 years' incarceration. Appellant timely appealed, and this Court affirmed his Judgment of Sentence on December 27, 2001. Appellant did not file a petition for allowance of appeal in the Pennsylvania Supreme Court. Appellant's sentence, therefore, became final on January 28, 2002, the last day he could

_____
* Retired Senior Judge assigned to the Superior Court.

have filed a petition for allowance of appeal.[1]  *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a).

On January 27, 2016, more than thirteen years after his Judgment of Sentence became final, Appellant filed the instant PCRA Petition, his third, making a claim of judicial bias and asserting that the newly-discovered fact that Judge Berry was recently convicted for crimes of dishonestly demonstrates that Judge Berry was not a fair and impartial judge during Appellant's court proceedings before Judge Berry.  PCRA Petition, filed 1/27/16, at 2-3.  The PCRA Petition also alleged that Judge Berry exhibited dishonesty when he issued conflicting findings of facts in the 1925(a) Opinion filed in connection with Appellant's direct appeal as compared to the 1925(a) Opinion issued following the denial of Appellant's first PCRA Petition in 2005. *Id.*; PCRA Petition Memorandum of Law, filed 1/27/16, at 2-3. Further, Appellant alleged that Judge Berry's second Opinion does not support a verdict for Third Degree Murder because it "recounts facts which support a verdict of self-defense or unreasonable self-defense."  PCRA Petition Memorandum of Law, filed 1/27/16, at 2-3.  In response, the Commonwealth filed a Motion to Dismiss alleging that the Petition was untimely and failed to establish any exception to the PCRA's time-bar.  Motion to Dismiss, 10/19/2016, at 8-12.

---

[1] January 26, 2002 was a Saturday.  *See* 1 Pa.C.S. § 1908.

On March 21, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss the Petition as untimely without a hearing. Appellant filed a Response. On April 12, 2017, the PCRA court dismissed Appellant's Petition as untimely.[2]

Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I.  Whether the PCRA court erred in determining that the PCRA Petition was untimely because the Petition was filed within 60 days of the date that the conviction of Judge Willis Berry occurred and, additionally, the Commonwealth suppressed [sic] when it became aware of the *crimen falsi* behavior of Judge Berry?

II. Whether the PCRA court's conclusion that Appellant has no evidence that Judge Berry's corrupt behavior influenced the decisions in his case is speculative at best and contrary to ***Rippo v. Baker***, [137 S.Ct. 905 (2017),] which held that Appellant does not have to show that Judge Berry was "actually biased" in his case to establish a violation of due process when the correct legal standard is "whether, as an objective matter, the average judge in the position of Judge Berry is likely to be neutral, or whether there is an unconstitutional potential for bias?

Appellant's Brief at 2 (some capitalization omitted).

_____

[2] We acknowledge that the language on the April 12, 2017 Order dismissed the PCRA Petition "on the merits." Order, 4/12/2017. However, the PCRA court stated on the record that the Petition was untimely. ***See*** N.T. 3/21/17, at 8. Moreover, the Pa.R.Crim.P. 907 Notice advised Appellant that the Petition was untimely. Notice, 3/21/17. Finally, the 1925(a) Opinion states that the PCRA court dismissed the Petition as untimely. Trial Court Opinion, filed 7/17/17, at 2. Accordingly, we consider the PCRA Petition to be dismissed as untimely.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. *See* 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). "This limitation is jurisdictional in nature" and "jurisdictional time limits go to a court's right or competency to adjudicate a controversy." *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (citations omitted). If a PCRA petition is untimely, neither this Court nor the PCRA court has the legal authority to address any substantive claims. *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006).

Appellant's Petition, filed more than thirteen years after his Judgment of Sentence became final, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if an appellant pleads and proves one of the three exceptions set forth in Section 9545(b)(1). Any petition invoking a timeliness exception must be filed

- 4 -

within 60 days of the date the claim could have been presented. 42 Pa.C.S § 9545(b)(2).[3]

In his PCRA Petition, Appellant attempts to invoke the timeliness exception under Section 9545(b)(1)(ii), which requires Appellant to plead and prove "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Our Supreme Court has held that the exception set forth in Section 9545(b)(1)(ii) "does not require any merits analysis of the underlying claim." *Bennett*, 930 A.2d at 1271. Rather the exception merely requires the petitioner to plead and prove two elements: "1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence***." **Id.*** at 1272 (internal quotation marks omitted; emphasis in original) citing 42 Pa.C.S. § 9545(b)(1)(ii). "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." *Id.* Importantly, "to constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record and must not be facts that were previously known but are now presented through a newly[-

---

[3] Effective December 24, 2018, Section 9545(b)(2) now provides that for claims arising after on or after December 24, 2017, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

]discovered source." **Commonwealth v. Edmiston**, 65 A.3d 339, 352 (Pa. 2013).

Moreover, the law does not require a "nexus" between the newly-discovered facts and the PCRA petitioner's conviction or sentence for purposes of satisfying the PCRA time-bar exceptions. **Commonwealth v. Blakeney**, 193 A.3d 350, 362 (Pa. 2018). As stated above, "[c]onsideration of the merits is distinct from a timeliness analysis." **Id.; Bennett**, 930 A.2d at 1271.

Our Supreme Court has explained, "[t]he question for timeliness purposes is whether the newly-discovered facts form a predicate for the underlying claim." **Blakeney**, 193 A.3d at 362. For example, in **Commonwealth v. Chmiel**, 173 A.3d 617 (Pa. 2017), our Supreme Court held that the appellant satisfied the PCRA time-bar for a newly-discovered fact when the appellant made a claim that his conviction rested upon unreliable hair comparison evidence. **Chmiel**, 173 A.3d at 625-26. The Supreme Court concluded that the claim was predicated upon newly-discovered facts contained within an FBI press release, which conceded that some FBI examiners gave scientifically flawed testimony regarding hair comparison evidence. **Id.** In order to satisfy Section 9545(b)(1)(ii), the appellant was **not** required to plead and prove that the testimony offered in his case constituted the exact type of testimony that that the FBI repudiated in its press release, i.e., a "nexus" between the claim and the fact. **Id.** at 626 n.7. Rather, our Supreme Court determined that "those considerations go to the

merits of the underlying issue rather than to the timeliness of the PCRA petition." *Id.*

Likewise, in *Blakeney, supra,* our Supreme Court held that the appellant satisfied the PCRA time-bar for a newly-discovered fact. *Blakeney*, 193 A.3d at 362. The appellant asserted judicial bias after the publication of newspaper reports alleging a judge who participated in his direct and PCRA appeal exchanged offensive emails with the prosecution, and the Court concluded that the facts in the newspaper reports served as a predicate for the appellant's underlying claim of judicial bias. *Id*. The appellant was not required to demonstrate a "'nexus' between the newly-discovered facts and his conviction or sentence for purposes of satisfying the timeliness exception[.]" *Id*.

Finally, our Supreme Court has explained, "due process requires that the post conviction process be fundamentally fair. . . . Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Bennett*, 930 A.2d at 1273.

In his PCRA Petition, Appellant avers the "newly-discovered fact" that Judge Willis was convicted of and sentenced for felonies involving dishonesty on December 11, 2015.[4] PCRA Petition at 2. Appellant contends that he became aware of this fact when a court sentenced Judge Willis on that date. *Id.* Appellant asserts that the verdicts and sentences that Judge Berry

---

[4] Judge Willis was convicted of Conflict of Interest pursuant to 65 Pa.C.S § 1103(a) and Theft of Services pursuant to 18 Pa.C.S. § 3926(b).

imposed on him are highly illustrative of a pattern of dishonesty, and claims that Judge Willis was not an impartial judge. *Id.* at 2-3.

The trial court dismissed this claim as untimely, opining that Appellant could have exercised due diligence to learn that 1) this Court issued two decisions addressing Judge Berry's possible impartiality prior to his conviction; 2) the Pennsylvania Court of Judicial Conduct suspended Judge Berry for four months for his alleged conduct, effective August 16, 2009; and 3) Judge Berry was convicted on July 22, 2015. Trial Court Opinion, filed 7/17/17, at 5-6. The trial court further opined that Appellant "could have learned of Judge Berry's conviction on July 22, 2015, and thus [Appellant], at the latest, had 60 days from that date (September 22, 2015) to raise his claim."

In his first issue, Appellant avers that the PCRA court erred in determining that his PCRA Petition was untimely. Appellant's Brief at 10. Appellant argues that the 60-day time period was triggered when Judge Berry was sentenced on December 11, 2015, rather than when the jury returned a guilty verdict on July 22, 2015. *Id.* at 12. Appellant further asserts that the "conviction" was not final until December 11, 2015, when the trial court denied a pending post-verdict Motion for Insufficient Evidence and sentenced Appellant. *Id.* We agree.

As an initial matter, for purposes of analyzing whether Appellant filed his PCRA Petition within 60 days of learning the "newly-discovered fact" that Judge Berry had been criminally convicted of crimes of dishonesty, our analysis will focus on whether the date of Judge Berry's guilty verdict or the

date of Judge Berry's sentencing triggered the 60-day time period in which to plead the newly-discovered fact as an exception to the PCRA time-bar. We acknowledge that the trial court opined that Appellant could have raised this claim of judicial bias after learning of Judge Berry's judicial suspension or other decisions issued by this Court, but we conclude that those are separate and distinct "facts" that are subject to their own 60-day timeline and analysis. **See** Trial Court Opinion at 5-6. As Appellant did not plead any of those "facts" as "newly-discovered facts" in the instant PCRA Petition, we need not address them.

This Court has long recognized a difference between a verdict and a judgment of sentence, explaining: "[t]he most [a verdict of guilty] establishes is that the jury believed the accused to be guilty. But until sentence is pronounced the issue is not necessarily closed; a new trial may be granted or judgment be arrested." **American Bank v. Felder**, 59 Pa.Super. 166, 170 (Pa. Super. 1915); **see also Smith v. Commonwealth**, 14 Serg. & Rawle, 69 (Pa. 1826) (italics in original) ("When the law speaks of *conviction,* it means a *judgment,* and not merely a *verdict,* which, in common parlance, is called a conviction."); **Commonwealth v. Grekis**, 601 A.2d 1284, 1294 (Pa Super. 1992) (interpreting the term "conviction" to mean entry of a judgment of sentence, not a finding of guilt by the jury); **Commonwealth v. Hale**, 85 A.3d 570, 582 (Pa. Super. 2014) (explaining that, without a sentence, a verdict or plea generally is not a "conviction" under Pennsylvania law.); **Commonwealth. v. Socci**, 110 A.2d 862, 863 (Pa. Super. 1955) (holding

that the word "conviction" must be given its strict technical meaning and there must be a judgment of conviction). In fact, if a trial court grants a post-verdict Motion for Insufficient Evidence, "the appropriate remedy would be a discharge and dismissal of all charges." *Commonwealth v. Ruffin*, 463 A.2d 1117, 1118 n.5 (Pa. Super. 1983).

Instantly, because a post-verdict Motion for Insufficient Evidence was pending until the date of sentencing, and the trial court could have discharged and dismissed all charges against Judge Berry if it chose to grant the Motion, it was not improper for Appellant to file his PCRA Petition within 60 days of the date that the court denied the post-verdict Motion and imposed the Judgment of Sentence.

Accordingly, we find that 1) the "newly-discovered fact" that Judge Berry was convicted and sentenced to crimes of dishonesty was unknown to Appellant until it occurred on December 11, 2015; and 2) the "newly-discovered fact" could not have been ascertained by the exercise of due diligence until December 11, 2015, because that is the date the court denied Judge Berry's post-verdict Motion and imposed the Judgment of Sentence.

The trial court opined that Appellant was required to show a "nexus between his 1999 bench trial and Judge Berry's conviction" and Appellant "failed to plead any specific facts in regards to Judge Berry's *crimin falsi* crimes with respect to [Appellant's] bench trial and first PCRA petition." Trial Court Opinion, filed 7/7/17, at 5-6. However, as stated above, the law does not require a "nexus" between the newly-discovered facts and the PCRA

petitioner's conviction or sentence for purposes of satisfying the PCRA time-bar exceptions. *See Blakeney*, 193 A.3d at 362. The question for timeliness purposes is whether the newly-discovered fact that Judge Berry was convicted and sentenced for crimes of dishonesty forms a predicate for Appellant's underying claim that Judge Berry exhibited judicial bias, and a pattern of dishonesty, when he issued his conflicting findings of facts in Appellant's case; we find that it does. *See id.*; *Chmiel* 173 A.3d at 625-26.

Accordingly, Appellant pleaded and proved the Section 9545(b)(1)(ii) exception to the PCRA time-bar within 60 days of the date the claim could have been presented. Therefore, we conclude that Appellant's PCRA Petition is timely and the trial court has jurisdiction to address the merits of the issues raised in that Petition.

We acknowledge that, in its 1925(a) Opinion, the trial court began to analyze the merits of Appellant's PCRA Petition. *See* Trial Court Opinion, filed July 17, 2017, at 6-8. Because the trial court, albeit improperly, determined that the PCRA Petition was untimely, and dismissed the Petition without a hearing on the merits, any analysis of the merits at that juncture was improper. *See Chester,* 895 A.2d at 522; *Bennett*, 930 A.2d at 1271.

We, thus, reverse the trial court's Order dismissing the Petition as untimely and remand for the PCRA court to review the merits and, if necessary, hold a hearing on the merits. In light of our disposition, we decline to address Appellant's remaining issues.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judge Ott joins the memorandum.

Judge Strassburger files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/19