# Commonwealth *v.* Thomas, Appellant.

*Criminal law—Murder—Reputation—Cross-examination of character of witness — Reputation for peacefulness — Reputation for chastity—Other offenses than that charged.*

1. Evidence of a good moral character offered by a defendant in a criminal prosecution must be limited to the particular trait of character involved in the commission of the crime charged; and the cross-examination of the witnesses must be limited to the same trait.

2. Where a woman defendant in a murder trial has produced testimony of witnesses to show that her reputation for peacefulness was good, without anything being said as to her chastity, it is reversible error to permit such witnesses to be asked on cross-examination whether they did not know that defendant was a married woman living in open adultery with the man she was charged with having killed.

3. Under certain circumstances, in cross-examination of a character witness it may be proper to inquire whether the witness has ever heard persons in the neighborhood attribute to the defendant particular offenses but it is never permissible for any purpose, not even to test credibility, to interrogate the witness as to his knowledge of another specific crime laid at the defendant's door.

Argued November 4, 1924. Appeal, No. 358, Jan. T., 1924, by defendant, from judgment of O. & T. Phila. Co., March T., 1924, No. 347, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Louise Thomas. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Indictment for murder. Before FERGUSON, J.
The opinion of the Supreme Court states the facts.
Verdict of guilty of murder of first degree, on which judgment of sentence was passed. Defendant appealed.

*Error assigned* was, inter alia, the ruling on cross-examination of defendant's character witnesses, quoting record.

*Thomas J. Minnick, Jr.,* with him *Raymond Pace Alexander,* for appellant.—Cross-examination of a character witness called to establish defendant's reputation as to peacefulness which was the particular trait of character involved in the commission of the crime charged is limited to that particular trait: Com. v. Jones, 280 Pa. 368; Com. v. Colandro, 231 Pa. 343.

Reputation cannot be proven or disproven by asking a witness of his or her own knowledge of acts or conduct

of defendant: Kimmel v. Kimmel, 3 S. & R. 336; Wike v. Lightner, 11 S. & R. 198; Snyder v. Com., 85 Pa. 519.

*Charles F. Kelley,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee, cited: Com. v. Wilson, 44 Pa. Superior Ct. 183; Com. v. Principatti, 260 Pa. 600; Com. v. Engle, 73 Pa. Superior Ct. 138; Com. v. Brandler, 81 Pa. Superior Ct. 585; Com. v. McGillicuddy, 82 Pa. Superior Ct. 437.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1925:

On a trial for her life, in which the verdict made it forfeit, appellant produced testimony of many persons to show that her reputation for peacefulness was good. In cross-examination, the district attorney asked these witnesses whether they did not know defendant was a married woman living in open adultery with the man she was charged with having shot to death. The right to make this inquiry was challenged by defendant's counsel, and the court ruled that, by the question put to the witnesses on direct examination, she had "put her character in evidence" and that the district attorney had the right on cross-examination to ask whether or not the defendant was a chaste woman. Complaining that the question and ruling prejudiced her cause in the minds of the jury, appellant asks us to set aside her conviction and grant a new trial.

Under the established rules of law, it was not proper for the prosecuting attorney to ask the witnesses the question he did and it was error in the trial judge to permit him so to do. The issue raised by the testimony offered by appellant was not her character generally but her *reputation for peacefulness.* To meet evidence that her reputation in this respect was good, it would have been competent for the Commonwealth to show it was otherwise; this, however, could not be done by testimony that she was guilty of a particular crime. Furthermore, it was irrelevant to the inquiry as to whether she was

reputed to be a peaceful person to show that she was not a chaste one. We very recently pointed out the rule, covering such situations as the one now presented to us, in the case of Com. v. Jones, 280 Pa. 368, where we said (p. 372) : "The objectionable feature of this testimony is that it permitted proof of a specific offense on a previous occasion to rebut evidence of good character. The well established rule is that character means reputation in the neighborhood and while it grows out of general conduct it cannot be proved by specific acts, inasmuch as a person may, under particular circumstances, act contrary to his ordinary disposition and practice." In that case, the very thing which was here done was declared by us to be reprehensible, as this language of Mr. Justice FRAZER shows (p. 372) : "The second assignment charges the trial judge was in error in permitting the Commonwealth to ask, on cross-examination of a witness called to testify as to defendant's good character, whether the witness did not know defendant was a married woman living in adultery with an unmarried man. While this would have been proper to test the credibility of the witness and show the extent of his knowledge of the reputation borne by defendant, the evident purpose of the offer was to rebut the testimony of good character by showing defendant had committed a specific crime, and it must have been so understood by the jury, from the statement made by the trial judge to counsel, inquiring whether one, who lived in open adultery was a law-abiding citizen and whether one can 'commit all the other crimes in the calendar and still be a peaceful, law-abiding citizen.' Such statements in the hearing of the jury were bound to have a strong bearing on the verdict and tended to give the jurors a false impression as to the proper weight to be given them."

It is manifest from a reading of the record in the instant case that the questions propounded by the district attorney were not for the purpose of either testing the credibility of the witnesses or the extent of their

knowledge of the reputation of the accused. Such questions as were here propounded ought not to be allowed even for that purpose. Under certain circumstances, on cross-examination of a character witness, it may be proper to inquire whether the witness has ever heard persons in the neighborhood attribute to the defendant particular offenses, but it is never permissible for any purpose to interrogate the witness as to his knowledge of another specific crime laid at the defendant's door. "On cross-examination, however, it seems that the witness may be interrogated as a test of his information, accuracy and credibility, but not for the purpose of proving particular acts or facts as to the opinions he has heard expressed by members of the community touching the character of the defendant and whether he has not heard one or more persons in the neighborhood impute particular acts, or the commission of particular crimes, to the party under investigation, or reports and rumors to that effect": 8 Ruling Case Law 211.

We animadverted upon the conduct of a prosecuting officer pursuing a similar line of cross-examination in the case of Com. v. Colandro, 231 Pa. 343, where, speaking through the present Chief Justice, we said (p. 355) : "Evidence of a good moral character offered by the defendant in a criminal prosecution must be limited to the particular trait of character involved in the commission of the crime charged. So in like manner the cross-examination of his witnesses must be limited to the same trait......Furthermore, a witness cannot be asked questions to elicit his knowledge of particular acts as distinguished from what he has heard;......the inquiry must be limited to the general speech of the community on the subject;......The issue here involved was as to defendant's reputation as a man who would or would not be likely to commit a deadly assault upon another; whether or not a witness had knowledge that the defendant had been accused in a newspaper of kidnaping a girl some two years before was wholly irrele-

vant.   The practical effect of such cross-examination may well have been to brand the defendant as a bad man and to cause the jurors to approach a consideration of his defense from that standpoint, or at least to raise doubts in their minds in passing upon his character evidence." For the reasons given in this last cited case, the character witnesses here could not have been interrogated even as to their knowledge of the reputation of the accused for chastity, because they had not testified to this particular trait of good character.

It follows from what has been said that the first assignment of error must be and it is sustained.   The record is remitted to the court below and a new trial granted.