Commonwealth v. Tkech, Appellant.

Argued September 30, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

490

*W. H. Coleman,* and with him *William LeGoullin,* for appellant.

*Earle R. Jackson,* Assistant District Attorney, and with him *Samuel H. Gardner,* District Attorney, for appellee.

OPINION BY PORTER, P. J., November 18, 1929:

The defendant was convicted of felonious assault and battery. The sentence imposed did not exceed the penalty authorized by the statute defining the offense and the first assignment of error is dismissed.

The second assignment of error refers to the refusal of the court to grant a new trial. We find nothing in the record which would warrant us in holding that the refusal of a new trial involved an abuse of discretion by the court below and the second assignment of error is overruled.

The third and fourth assignments of error violate Rule 22 of this court, in that each of said assignments embraces more than one point, refers to more than one distinct ruling of the court and more than one bill of exceptions, and may, therefore, be disregarded. We deem it proper to say, however, that, "Evidence of a good moral character offered by the defendant in a criminal prosecution

must be limited to the particular trait of character involved in the commission of the crime charged, so in like manner the cross-examination of his witnesses must be limited to the same trait:'' Commonwealth v. Colandro, 231 Pa. 343; Commonwealth v. Thomas, 282 Pa. 20. Some of the questions asked by the assistant district attorney were not proper and the objections should have been sustained by the court below. Had the answers admitted under the ruling been such as to injure the defendant's cause we might have been constrained to consider the question thus raised, notwithstanding the violation of Rule 22 of this court by the assignment of error. But the answers to the question were all favorable to the defendant and we are not convinced that the ruling prejudiced the defendant.

While the instruction of the court to the jury, in defining the effect of evidence as to an alibi, was not as accurate in detail as might be desired it could not possibly have misled the jury as to the effect to be given such evidence. The defense of an alibi is not fully sustained unless the evidence accounts for defendant's whereabouts during the entire time within which the crime was committed: Commonwealth v. White, 271 Pa. 584. The concluding sentence of this part of the charge assigned for error is a correct statement of the law, and clears up any doubt as to what the jury must have understood the charge to mean with regard to this evidence. The court said: ''It is, however, recognized that evidence of an alibi, when considered with all other evidence in the case, may of itself, raise reasonable doubt as to the guilt of the defendant.'' The fifth assignment of error is overruled.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.