## Commonwealth *v.* Stefanowicz, Appellant.

Argued April 8, 1935.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*James P. McArdle,* for appellant.

*Charles B. Jarrett,* Assistant District Attorney, with him *Andrew T. Park,* District Attorney, for appellee.

OPINION BY PARKER, J., July 18, 1935:

The defendant, Stephen Stefanowicz, was indicted, convicted, and sentenced for the rape of a girl fourteen years of age. An unfortunate error in the trial of the case, in refusing to receive certain evidence as to the character of the defendant, compels us to grant a new trial.

The testimony on the part of the Commonwealth was to the effect that the defendant and a companion, Bane, had seized a girl child, fourteen years of age, placed her in an automobile, transported her to the outskirts of Pittsburgh, and that there both men had carnal knowledge of her forcibly and against her will. The defendant called as a witness Charles Pollis. A question asked of him and the ruling of the court thereon were as follows: "Q. Do you know his reputation for peace and good order and chastity in the neighborhood in which he lives? Mr. Jarrett: I object to the question as propounded. It is not the reputation of the defendant for peace and good order. The Court: The question should be confined to the particular trait of character involved here, the particular trait or reputation and that would be 'chastity' alone." The objection was sustained and

an exception noted. Two additional witnesses for the defendant, William R. Kessler and Dr. George J. Sarraf, were asked: "Do you know the defendant's reputation for peace and good order in that community?" Objections to the question were sustained and exceptions noted.

"Evidence of good character is always admissible for the defendant in a criminal case; it is to be weighed and considered in connection with all the other evidence in the cause,—it may of itself, in some instances, create the reasonable doubt which would entitle the accused to an acquittal": Com. v. Cleary, 135 Pa. 64, 84, 19 A. 1017; Com. v. Andrews, 234 Pa. 597, 605, 83 A. 412. It is equally true that the character and disposition offered, evidenced by general reputation, whether for or against the defendant must involve the *specific trait* related to the act charged: 2 Wigmore on Evidence, §59. "Evidence of a good moral character offered by the defendant in a criminal prosecution must be limited to the particular trait of character involved in the commission of the crime charged": Com. v. Colandro, 231 Pa. 343, 355, 80 A. 571; Com. v. Thomas, 282 Pa. 20, 127 A. 427; Com. v. Tkech, 97 Pa. Superior Ct. 489, 490. It is conceded by the Commonwealth and defendant alike that evidence as to the reputation of defendant for chastity was competent, but it is denied by the Commonwealth and it was the opinion of the court below that evidence as to peace and good order was not competent or relevant.

The Commonwealth in this case did not depend for conviction upon the fact that the girl child was under sixteen years of age. On the contrary, there was ample evidence to support a finding that the girl resisted and remonstrated and that the evil purpose was accomplished only by the use of force upon the part of both men who attacked her. It seems clear to us that other traits of character than chastity are involved in the

commission of a rape such as was here shown. We believe that there are many men who would be guilty of illicit intercourse who would not by force take this advantage of a woman, and particularly a girl child under sixteen years of age. This is apparent from the distinction which is made in the punishment of fornication and rape. The latter presumes a much more depraved and vicious character than in the case of a party to the first. This additional trait of character involved is the opposite of that possessed by one who is peaceful and accustomed to observe good order. We can come to no other conclusion than that the trait of character which the defendant proposed to establish by his reputation in the community where he lived was one of the very traits of character involved.

"Peaceableness and quietness may be shown where personal violence is involved, as in cases of assault, carrying concealed weapons, homicide, rape, or train wrecking": 22 C. J. 476. Also, see Com. v. Twitchell, 1 Brewster 551, 563. Specifically, it has been held in other jurisdictions that "quiet and peaceful character" might be proved in defense to an indictment for rape: State v. Sprague, 64 N. J. L. 419, 45 A. 788; State v. Lee, 22 Minn. 407, 21 Am. Rep. 769; Lincecum v. State, 29 Texas Appeals 328, 25 Am. St. Rep. 727.

If the Commonwealth had depended alone for conviction upon the age of the child, without proof of the use of force, a different question might have been presented. In fact, in the case of Wistrand v. People, 218 Ill. 323, 75 N. E. 891, evidence of reputation as a peaceable and quiet citizen was excluded and chastity alone held to be involved where the girl was thirteen years of age and there was no evidence of violence. We are unable to see upon what principle it could be held that evidence of a general reputation for peace and good order should be held competent in a case of assault and

battery and not of an assault which is accompanied by a rape.

Very frequently, in charges such as are here made, the only corroborative evidence of a defendant is his previous reputation. "Of what avail is a good character, which a man may have been a lifetime acquiring, if it is to benefit him nothing in his hour of peril?": Com. v. Andrews, supra, p. 606. The evidence is such that we regret that we are compelled to grant a new trial and that it is necessary for the alleged victim in this case to appear upon the stand the second time, but the decisions of the Supreme Court and this court in the realm of criminal jurisprudence have been consistent in giving an important place to the element of character as evidenced by general reputation. The conclusion reached makes it unnecessary to consider the remaining assignments of error.

The judgment is reversed with a venire facias de novo.