## Commonwealth *v.* Hurt, Appellant.

Argued April 12, 1948.  Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Henry E. Shaw*, with him *Patrick McKague* and *Scales & Shaw*, for appellant.

*Rabe F. Marsh, Jr.*, Assistant District Attorney, with him *Joseph M. Loughran*, Assistant District Attorney and *John M. O'Connell*, District Attorney, for appellee.

OPINION BY FINE, J., July 23, 1948:

Orrie Hurt, Sr., appellant, was indicted, tried and found guilty on charges of sodomy and contributing to the delinquency of minors. His motions for new trials were refused. These appeals from the judgments and sentences imposed, raise vital issues regarding the propriety of questions asked character witnesses on cross-examination pertaining to their knowledge of the commission of previous crimes, and subsequent cross-examination of appellant regarding his convictions for prior offenses.

Jesse B. Ruffner, a character witness called by appellant, testified that Hurt's reputation in the community for *morals* was good. The Commonwealth's attorney was permitted to ask Ruffner, over objection, the following questions: "Q. Did you know that, in 1935, Orrie Hurt served time in the Allegheny County Workhouse for assault and battery? A. I did not know it, I do not know it at this time. . . . Q. Did you know he had some trouble of some kind with the Federal Government in 1942? . . . A. I did not know it." Another character witness, J. R. Marsh, was asked "Q. Would the fact that he served some time in the Allegheny County Workhouse, without knowing the nature of the case, would that change your opinion? A. No, sir. . . .

Q. Well, if you knew he served time on three or four different occasions, would that change your opinion? A. No . . ." The trial judge, in overruling objections thereto, stated: "You have opened the door as to his reputation by producing reputation witnesses. This is cross-examination."

Appellant contends that the trial judge erred in permitting cross-examination of appellant's reputation witnesses pertaining to their knowledge of his having previously committed certain specific and unspecified crimes. "A distinction is drawn between cases where it is sought to prove particular acts of misconduct and those where the purpose of the examination is to test the accuracy of the testimony by showing either that the witness is not familiar with the reputation concerning which he has testified or that his standard of what constitutes good repute is unsound": *Commonwealth v. Becker*, 326 Pa. 105, 114, 191 A. 351. Evidence of the former is inadmissible. Evidence of the latter may be shown, provided the actual purpose of the cross-examination is not to show commission by a defendant of a specific crime of which he is not now accused, but to test only the credibility of the character witnesses. Examination must relate to the reputation of the defendant, that is, whether the witness had ever heard persons in the neighborhood attribute particular offenses to the defendant: *Commonwealth v. Becker*, supra; *Commonwealth v. Thomas*, 282 Pa. 20, 127 A. 427; Wigmore, Evidence (3rd Ed. 1940) §988, p. 618; Underhill, Criminal Evidence, (2d Ed. 1910) §82, p. 148. Neither good nor bad reputation can be established by proof of specific offenses. Such proof being an exception to the hearsay rule represents the witnesses' knowledge of the general reputation. He testifies to his understanding of what is generally accepted as a fact, not what is his opinion determined from his own knowledge of other facts. A witness cannot be asked questions regarding his knowledge of particular acts as distinguished from

what he has heard: *Commonwealth v. Colandro,* 231 Pa. 343, 355, 80 A. 571. Examination must be limited to the general opinion of the community as regards the particular reputation in issue.

The purpose of the cross-examination of the reputation witnesses was not to test credibility but to bring before the jury proof of the commission of the prior offenses. This is apparent from the district attorney's interrogation concerning previous crimes which did not bear the slightest trait of character involved in sodomy or the other morals charge for which appellant was on trial. "As the evidence of good character offered by the defendant in a criminal prosecution must be limited to general reputation for the particular trait or traits of character involved in the commission of the crime charged (Com. v. Colandro, 231 Pa. 343, 355, 80 A. 571; Com. v. Thomas, 282 Pa. 20, 22, 127 A. 427; Com. v. Garanchoakie, supra, p. 252 [251 Pa. 247, 96 A. 513]; Com. v. Tkech, 97 Pa. Superior Ct. 489, 490, 491; Com. v. Cohen, 103 Pa. Superior Ct. 496, 502, 157 A. 216; Com. v. Stefanowicz, 118 Pa. Superior Ct. 79, 81, 179 A. 770) . . . the commonwealth's cross-examination of such character witnesses is limited to the same traits, . . .": *Commonwealth v. Wiswesser,* 124 Pa. Superior Ct. 251, 262, 188 A. 604. In *Commonwealth v. Becker,* supra, p. 115, Mr. Justice DREW, speaking for the Court, said: "Where the record discloses that the actual purpose of such cross-examination was to show that defendant had committed a specific crime of which he is not now accused, and not to test the credibility of the character witness, it will be held improper if it tends to prejudice the accused. The problem in each case is to determine whether the inquiry at cross-examination is directed to the witnesses' hearing of the rumor, or is directed toward the substantive fact of the defendant's misconduct." See *Commonwealth v. Thomas,* supra; *Commonwealth v. Jones,* 280 Pa. 368, 124 A. 486.

The lower court erred in overruling appellant's objections to the cross-examination of his character witnesses.

The propriety of questions asked by the district attorney in cross-examination of appellant as to prior convictions is properly challenged. Where, as here, an accused "has given evidence tending to prove his own good character and reputation," he may be cross-examined by the Commonwealth as to his prior convictions of (1) certain felonies, (2) misdemeanors in the nature of crimen falsi, or (3) crimes similar to that charged in the indictment. Act of 1911, P. L. 20, §1, as amended by the Act of 1947, P. L. 1239, 19 PS §711. *Commonwealth v. Wiswesser,* 124 Pa. Superior Ct. 251, 188 A. 604; *Commonwealth v. Gold,* 155 Pa. Superior Ct. 364, 38 A. 2d 486; *Commonwealth v. Jones,* 334 Pa. 321, 5 A. 2d 804; *Commonwealth v. Schambers,* 110 Pa. Superior Ct. 61, 64, 167 A. 645; *Commonwealth v. Robinson,* 163 Pa. Superior Ct. 16, 60 A. 2d 824. But see, *Commonwealth v. Yeager,* 329 Pa. 81, 196 A. 827. It was palpable error to confront appellant with prior convictions of assault and battery and violation of the U. S. Internal Revenue Code, as neither are felonies nor misdemeanor crimens falsi or similar to the charges in the present indictment.

The trial judge was considerate of the defense when in the exercise of his discretion, he determined the boys, whose ages ranged from ten to twelve years, were accomplices rather than victims of the appellant. Cf. *Commonwealth v. Weible,* 45 Pa. Superior Ct. 207; 1 Words and Phrases, (Perm. Ed. 1940) p. 464. An accomplice is one who, being of mature years and in possession of his ordinary faculties, knowingly and voluntarily cooperates with or aids another in the commission of a crime: 1 Words and Phrases (Perm. Ed. 1940) p. 432. Ordinarily, parties participating in sodomy are accomplices if able to appreciate the wrongfulness of

the act: *Commonwealth v. Dong Lee,* 67 Pa. Superior Ct. 168; *Commonwealth v. Vasilion,* 70 Pa. Superior Ct. 174. The jury was instructed to scrutinize and weigh the testimony of the accomplices with great care, and the appellant has little cause to complain particularly where, as here, the testimony was corroborated by a witness who was not a participant in the crimes. Any omissions in the court's charge concerning the testimony of the accomplices were clearly harmless.

The appellant urges that reasonably definite dates of the commission of the offenses were not established by the Commonwealth: *Commonwealth v. Levy,* 146 Pa. Superior Ct. 564, 23 A. 2d 97. Any deficiency in that respect may be easily cured on retrial of those cases.

Judgments and sentences reversed and new trials granted.