626 A.2d 1231

COMMONWEALTH of Pennsylvania

v.

**Garland ADAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 3, 1993.

Filed June 22, 1993.

Lee Mandell, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before McEWEN, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge.

Following a bench trial, the Honorable Robert A. Latrone found Garland Adams guilty of second degree murder, robbery, conspiracy and carrying a firearm on a public street. Post-verdict motions were denied and Judge Latrone sentenced Adams to life imprisonment.

On appeal, Adam's sole claim is that Judge Latrone erred in denying Adam's motion for a mistrial following a question asked by the prosecutor on cross examination of a defense character witness. We are asked to revisit the circumstances under which a character witness may be cross-examined

where the defendant's reputation as a peaceful and law-abiding citizen has been placed in evidence. We find the cross-examination here involved to have been proper in testing the credibility of the witness and the soundness of the witness' evaluation of the defendants reputation. We conclude that the claim on appeal is without merit and affirm.

Lee Mandel, court-appointed trial defense counsel had called eleven witnesses to testify to Adam's reputation for honesty and integrity in the community. All of the witnesses gave their name, age, their relationship to the defendant, and the length of time they had known the defendant. Waiver Trial Transcript, October 28, 1991, pages 268–274. Attorney Mandel then proposed a stipulation that if they were called to testify individually, they would say that among those people that they and Adams both knew, Adam's reputation for being a peaceful, law-abiding citizen was excellent. *Id.* at 274. The Assistant District Attorney, Ann Ponterio, then asked to question one of the eleven character witnesses. The following examination ensued:

CROSS–EXAMINATION

BY MS. PONTERIO:

Q. Mr. Martin, you say that you have spoken to people in the neighborhood and that the defendant has a reputation for being a peaceful, law-abiding person; is that correct?

A. Yes.

Q. Do you remember giving a statement to the police?

A. Yes.

Q. Do you remember telling the police that you know that the defendant sells bags of powder cocaine?

MR. MANDEL: Move for a mistrial.

MS. PONTERIO: Now he's saying that he has a reputation for being a peaceful, law-abiding person—

THE COURT: Yes, but the fact of an arrest is irrelevant. If there is a conviction—

MS. PONTERIO: I didn't ask about an arrest. I am asking him about his reputation for being a peaceful, law-abiding person.

THE COURT: I will sustain the objection. Strike the question from the record. The motion for mistrial is denied. I didn't hear him answer anything ..

MS. PONTERIO: Thank you, Your Honor.

MR. MANDELL: Thank you, Mr. Martin. You can step back.

Waiver Trial Transcript, supra at 275–76.

We have examined the certified record and reviewed the briefs of the parties. Adams, in his Brief, argues that, by framing the question to the character witness "in terms of the witness's knowledge of a specific bad act of [Adams], the prosecutor clearly abrogated the rule" barring cross-examination aimed at establishing particular acts of misconduct. Brief for Appellant, page 5. We disagree.

■ Character witnesses, like any other witnesses, can be subjected to cross-examination, and it is the *scope* of the cross-examination that has been a troublesome area for courts, commentators and the profession. *Commonwealth v. Scott*, 496 Pa. 188, 193, 436 A.2d 607, 610 (1981). Where a character witness has testified to a defendant's reputation for being a law-abiding citizen, that witness may be impeached, on credibility grounds, just like any other witness. *Id.; see also Commonwealth v. King*, 287 Pa.Super. 105, 108, 429 A.2d 1121, 1122–23 (1981) (cross-examination of rape case defendant as to good character proper, as to having child by another woman, where both character witness and defendant had testified as to defendant's good deportment around women).

■ A distinction is drawn between cases where it is sought to prove particular acts of misconduct and those where the purpose of the examination is to test the accuracy of the testimony by showing either that the witness is not familiar with the reputation concerning which he has testified or that his standard of what constitutes good repute is unsound. *Commonwealth v. Becker*, 326 Pa. 105, 114, 191 A. 351, 356 (1937). Evidence of the former is inadmissible. Evidence of the latter may be shown, provided the actual purpose of the cross-examination is not to show commission by the defendant

of a specific crime of which he or she is not now accused, but to test only the credibility of the character witness. *Commonwealth v. Hurt,* 163 Pa.Super. 232, 235, 60 A.2d 828, 829 (1948).

Thus, in *Commonwealth v. Butts,* 204 Pa.Super. 302, 204 A.2d 481 (1964), the prosecution was permitted to cross-examine a character witness, over objection, as to the fact that the witness had been drinking with the defendant and a friend after work on the afternoon of a vehicular accident which resulted in the death of a thirteen-year-old pedestrian and culminated in trial of the motor vehicle operator on charges of involuntary manslaughter. The court reasoned that the cross-examination attacked the character witness' credibility by showing the witness was actually one of the defendant's drinking buddies, and that the witness' standard of what constitutes good repute for sobriety was unsound. *Id.* at 311, 204 A.2d at 486.

In the case now before us on appeal, the question to the character witness was:

Q. Do you remember telling the police that you know that the defendant sells bags of powder cocaine?

At a minimum, we view the only question here under attack as going directly to whether the character witness, who was claiming that Adams had a good reputation for being a law-abiding person, possessed a sound standard as to what constitutes evidence of good repute. *Commonwealth v. Becker, supra.* Moreover, to the extent that the prosecutor was prepared to prove, either on cross-examination or on rebuttal, that the witness did, in fact, state to the police that the witness knew the defendant, Adams, sells bags of powder cocaine, this goes directly to the credibility of the character witness and constitutes permissible cross-examination. We are not here concerned with what the witness heard from others regarding specific acts of misconduct. We are focusing on what the character witness, himself, had said to law enforcement persons and how the content of those statements

may have informed the witness' ability to make sound value judgments.

The trial judge immediately sustained the objection to the question and directed that the question be stricken from the record. The trial judge did not, therefore, ascertain on the record that the prosecutor was prepared to present testimony that the character witness, Martin, had advised a police officer of the knowledge that Adams sold cocaine. In finding that the question was proper, we assume that Ms. Ponterio, the Assistant District Attorney, was prepared to present such record testimony. We do not mean to endorse interrogation where there is no evidentiary basis for the question.

Character evidence may, in and of itself, provide sufficient evidence to raise a reasonable doubt as to guilt and, thus, require a verdict of not guilty, *Commonwealth v. Neely*, 522 Pa. 236, 561 A.2d 1 (1989). The weight to be afforded such evidence, therefore, is a serious matter. While we agree completely with the ruling of the most distinguished trial judge which denied the motion for mistrial, we are not persuaded that the question, as posed by the prosecutor, was "framed in an inappropriate manner," as suggested by Judge Latrone. Opinion, January 19, 1993, page 41. Rather, we find the question to be a permissible means of testing the witness' credibility, along with testing the soundness of the witness' process of establishing a good reputation for being a law-abiding person.

It is well settled that "character witnesses may legitimately be questioned as to whether or not they ever heard *persons in the neighborhood* attribute particular offenses to the defendant." *Commonwealth v. Amos*, 445 Pa. 297, 300, 284 A.2d 748, 750 (1971) *citing Commonwealth v. Jenkins*, 413 Pa. 606, 607–608, 198 A.2d 497, 498 (1964) (emphasis in original). Here, the witness had given a statement to the police investigating the offenses which resulted in the trial at which the witness was testifying. That statement did not refer to a specific act of prior misconduct but, instead, attributed to the suspect (who became the defendant) acts of illegal conduct, i.e., sale of powder cocaine. We hold that such a witness, who

has himself given a statement to law enforcement officials which places into question the defendant's illegal behavior based upon the witnesses own knowledge, can legitimately be questioned as to how that witness' belief as to the defendant's reputation for being a law-abiding person is influenced by the witness' personal knowledge of the defendant's illegal behavior. *Commonwealth v. Becker, supra.* The evidence is admissible to test the credibility of the character witness. *Compare Commonwealth v. Hurt, supra.*

We find the question posed by the prosecutor, Ms. Ponterio, to be appropriate under all the circumstances, and therefore the response, had it been given, to be admissible as evidence. Since the line of questioning was proper, the motion for a mistrial was without merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentence **AFFIRMED.**

MONTGOMERY, J., concurs in the result.