J. S55002/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MELVIN R. CLARK, | : | No. 177 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, January 3, 2014,
in the Court of Common Pleas of Washington County
Criminal Division at Nos. CP-63-CR-0000904-2008,
CP-63-CR-0000905-2008, CP-63-CR-0000906-2008

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STRASSBURGER, J.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED NOVEMBER 13, 2015**

Melvin R. Clark appeals from the order entered January 3, 2014, denying his PCRA[1] petition.  We affirm.

The trial court summarized the pertinent facts and procedural history as follows:

> [Appellant] was charged with sexually assaulting three minor victims, his two adopted daughters and the minor sister of their mother over a period of several years.  [Appellant] married the victims' Mother in October of 2001.  Thereafter, [he] began to sexually molest his adopted daughter, [A.C.], in June of 2002, when she was 11 years old.  It began with [Appellant] sexually touching the victim and progressed to digital penetration of her vagina and oral sex.  This continued from age 11

---

* Retired Senior Judge assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

until the victim was 18 when she finally disclosed to her mother. The sexual abuse by [Appellant] of his youngest adopted daughter was occurring simultaneously, beginning when R.C. was 14 until she was 16. As with the other victim, the assault began with sexual touching of her breasts and progressed to the victim's vagina.

[Appellant's] sister-in-law, [C.S.], testified that [Appellant] sexually assaulted her beginning at age 15, including an incident when [Appellant] sexually assaulted both her and [A.C.] at the same time, which [A.C.] corroborated. However, the jury found [Appellant] guilty only of Endangering the Welfare of a Child and Corruption of Minors. [Appellant] was acquitted of the sexual charges regarding [C.S.]

Following a jury trial, [Appellant] was convicted of the following offenses: Rape by forcible compulsion, Felony 1; Rape by threat of forcible compulsion, Felony 1; Rape of a Child, Felony 1; Sexual Assault (3 counts), Felony 2; Aggravated Indecent Assault, Felony 2; Aggravated Indecent Assault by Forcible Compulsion, Felony 2; Aggravated Indecent Assault of a Child, Felony 1; Aggravated Indecent Assault, person less than 16 years of age, Felony 2; Indecent [Assault] without consent (3 counts), Misdemeanor 2; Indecent Assault-person less than 13 years of age (3 counts), Misdemeanor 1; Statutory Sexual Assault (2 counts), Felony 2; Involuntary Deviate Sexual Intercourse by threat of forcible compulsion (2 counts), Felony 1; Involuntary Deviate Sexual Intercourse by forcible compulsion (2 counts), Felony 1; Involuntary Deviate Sexual Intercourse-person less than 16 years of age; Felony 1; Involuntary Deviate Sexual Intercourse with a child (2 counts), Felony 1; Endangering the welfare of children (3 counts), Misdemeanor 1; Corruption of Minors (3 counts) Misdemeanor 1; and Incest, Felony 1.

> On January 11, 2010, following a presentence investigation and assessment by the Pennsylvania Sexual Offenders Assessment Board, [Appellant] was sentenced to serve an aggregate sentence of imprisonment of not less than 56 years and not more than 112 years in a state correctional institution. Moreover, the Court found [Appellant] to be a sexually violent predator and subject to a lifetime reporting requirement upon his release from incarceration. On January 19, 2010, [Appellant] filed his [] post-sentence motion, which was denied on June 16, 2010.

***Commonwealth v. Clark***, 38 A.3d 919 (Pa.Super. 2011) (unpublished memorandum at 1-3).

This court affirmed appellant's judgment of sentence on direct appeal, and our supreme court denied ***allocatur*** on May 23, 2012. ***Commonwealth v. Clark***, 46 A.3d 715 (Pa. 2012). On March 13, 2013, appellant filed a timely counseled PCRA petition. On July 12, 2013, the PCRA court ordered the Commonwealth to file a written response within 60 days, and issued a rule upon the Commonwealth to show cause why the petition should not be disposed of without an evidentiary hearing. (Docket #44.) Following the Commonwealth's answer, the petition was denied without an evidentiary hearing on January 3, 2014. (Opinion and

Order, 1/3/14; docket #46.)[2] Appellant filed a timely notice of appeal on January 29, 2014. On March 25, 2014, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A. (Docket #50.) Appellant timely complied with the PCRA court's Rule 1925 order on April 14, 2014; and on January 6, 2015, the PCRA court filed an opinion.

Appellant has raised the following issue for this court's review:

> I. WHETHER THE [PCRA] COURT ERRED IN DENYING [APPELLANT]'S REQUEST FOR AN EVIDENTIARY HEARING FOR A DETERMINATION AS TO WHETHER HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN FAILING TO PROPERLY OBJECT TO A PATENTLY IMPROPER JURY CHARGE, INSTRUCTING THE JURY TO CONSIDER [APPELLANT]'S TWENTY-FIVE YEAR OLD SUMMARY CONVICTION FOR RETAIL THEFT IN EVALUATING HIS TESTIMONY AT TRIAL DENYING GUILT[?]

---

[2] A review of the record reveals that the PCRA court failed to issue notice of its intent to deny the PCRA petition as is required by Pa.R.Crim.P. 907. Although the notice requirement set forth in Rule 907 has been held to be mandatory, **see Commonwealth v. Feighery**, 443 Pa.Super. 327, 661 A.2d 437 (1995) (**Feighery** discussed Pa.R.Crim.P. 1507, which was renumbered as Rule 907 as of April 1, 2001), Appellant has not objected to its omission and thereby has waived the issue.

**Commonwealth v. Boyd**, 923 A.2d 513, 514 n.1 (Pa.Super. 2007), **appeal denied**, 932 A.2d 74 (Pa. 2007), citing **Commonwealth v. Williams**, 909 A.2d 383 (Pa.Super. 2006); **Commonwealth v. Guthrie**, 749 A.2d 502 (Pa.Super. 2000).

Appellant's brief at 4.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007),

***appeal denied***, 940 A.2d 365 (Pa. 2007).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa.Super.2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id.*** It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

***Id.*** at 882, quoting ***Commonwealth v. Khalifah***, 852 A.2d 1238,

1239-1240 (Pa.Super. 2004).

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, ***i.e.*** there is

> a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (1999); ***Commonwealth v. Douglas***, 537 Pa. 588, 645 A.2d 226, 230 (1994).

***Commonwealth v. Bracey***, 795 A.2d 935, 942 (Pa. 2001). "The law presumes that counsel has rendered effective assistance." ***Commonwealth v. Harris***, 852 A.2d 1168, 1173 (Pa. 2004), citing ***Commonwealth v. Balodis***, 747 A.2d 341, 343 (Pa. 2000). "Trial counsel cannot be deemed ineffective for failing to raise a meritless claim. In addition, where an appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone." ***Id.*** (citations omitted).

Appellant argues that trial counsel was ineffective for failing to object to the trial court's instruction to the jury that they could consider his 1983 conviction for retail theft in assessing his credibility. At trial, appellant presented the testimony of a character witness, the Reverend Gary Schneider. On cross-examination, the Commonwealth questioned Reverend Schneider regarding appellant's 1983 conviction of the summary offense of retail theft. On direct appeal, we held such questioning was proper under Pa.R.E. 405(a), allowing cross-examination of a reputation witness concerning specific instances of conduct probative of the character trait in question. ***Clark***, ***supra*** at 5. This court also rejected appellant's argument that the 1983 conviction was stale, and therefore, any probative value was outweighed by its prejudicial impact, finding that, at most, it was

harmless error: "Given the overwhelming evidence of guilt in this case, including Appellant's confessions in his various communications to his wife and the victims, any error in permitting the brief reference to the summary conviction was harmless." *Id.* at 6 (citation omitted).

On direct appeal, appellant also raised the claim that the trial court erred by instructing the jury that his 25-year-old retail theft conviction could be used to help determine his credibility and the weight to be assigned his testimony. *Id.* We found the matter waived because trial counsel never objected to the trial court's jury instructions. *Id.* at 6-7. We further opined that, given the overwhelming evidence of guilt including appellant's confessions, any error was harmless. *Id.* at 7. Appellant now brings the identical issue on collateral review, framed as a trial counsel ineffectiveness claim.

The trial court's instruction to the jury was as follows:

> There was also evidence offered during cross-examination of a character witness that tended to show that the Defendant had a prior conviction. I'm talking about the questioning of Pastor Schneider in regard to the prior summary offense of Retail Theft. The District Attorney asked this question in cross-examination tending to show that the Defendant's reputation for honestly [sic] was not as good as suggested. This evidence is not evidence of the Defendant's guilt. The evidence may be considered by you for only one purpose and one purpose only; that is, to help you judge the credibility and weight of the testimony given by the Defendant as a witness in this trial. In considering the prior conviction, you may also consider the type of crime committed and how long ago it was

> committed and how it may affect the likelihood that he testified truthfully or not truthfully in this case.

Notes of testimony, 3/9-12/09 at 368-369.

Appellant argues that this instruction was in error because under Pa.R.E. 609, *crimen falsi* offenses are generally inadmissible to attack the credibility of a witness after ten years. In addition, under Pa.R.E. 608, while the credibility of a witness who testifies as to the reputation of another witness for truthfulness or untruthfulness may be attacked by cross-examination concerning specific instances of conduct (not including arrests) of the other witness, if they are probative of truthfulness or untruthfulness, that evidence affects the credibility of the character witness only, <u>not</u> the principal witness. Pa.R.E. 608, Comment; *see also Commonwealth v. Adams*, 626 A.2d 1231, 1233 (Pa.Super. 1993) (where the purpose of the examination is to test the accuracy of the testimony by showing either that the witness is not familiar with the reputation concerning which he has testified or that his standard of what constitutes good repute is unsound, the evidence is admissible provided the actual purpose of the cross-examination is not to show commission by the defendant of a specific crime of which he or she is not now accused, but to test only the credibility of the character witness), *appeal denied*, 636 A.2d 631 (Pa. 1993). Appellant argues that trial counsel had no reasonable basis for failing to object to this clearly improper instruction, and that he was undeniably prejudiced where his entire defense rested on his testimony.

First, we observe that this precise issue was raised on direct appeal, and we determined that to the extent the trial court erred, any such error was harmless in light of the overwhelming evidence of appellant's guilt. Therefore, the issue could be considered previously litigated. 42 Pa.C.S.A. § 9544(a)(2). It is true that we initially found the matter waived for trial counsel's failure to object to the trial court's jury instructions; however, the harmless error analysis could be considered an alternative, but equally valid, holding supporting the result reached. **See Commonwealth v. Markman**, 916 A.2d 586, 606 (Pa. 2007) ("Where a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of obiter dictum."), quoting **Commonwealth v. Swing**, 186 A.2d 24, 26 (Pa. 1962). **See also Markman**, **supra**, 916 A.2d at 606 n.15, citing **Reynolds-Penland Co. v. Hexter & Lobello**, 567 S.W.2d 237, 241 (Tex.Civ.App. 1978) ("explaining that an 'alternative holding' exists where the appellate court 'rests its decision under the facts presented on two separate, but equally valid, grounds'"). **Accord Commonwealth v. Reed**, 971 A.2d 1216, 1220 (Pa. 2009) (where this court determined that Reed's claims were waived, and even if the claims had not been waived, they were without merit, and explained the basis for our conclusions, our holding that Reed's claim regarding the admission of prior bad acts testimony was meritless was a valid holding that constituted the law of the case).

At any rate, while the underlying issue has arguable merit and trial counsel had no apparent reasonable strategic basis for failing to object to the trial court's erroneous jury instruction, appellant cannot meet the third prong of the ineffectiveness test, *i.e.*, prejudice. As stated above, the evidence in this case was overwhelming, including appellant's inculpatory statements to his wife and the victims. Appellant left several messages on the home answering machine which were played for the jury, in which he expressed regret for his actions. In the face of this evidence, as well as the testimony of the victims which the jury apparently found to be credible, it is doubtful that a 25-year-old summary conviction for retail theft was the deciding factor in appellant's guilt. Appellant could not possibly establish how the trial court's instruction changed the outcome of the trial, and the PCRA court did not err in denying appellant's petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/13/2015

J. S55002/15