J-S65015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GARLAND ADAMS | |
| Appellant | No. 708 EDA 2017 |

Appeal from the PCRA Order February 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0835071-1990

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 15, 2017**

Appellant, Garland Adams, appeals *pro se* from the February 10, 2017 order dismissing his second petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The factual background and procedural history of this case are as follows.  On May 15, 1990, Appellant, then 18 years old, and a co-conspirator robbed Jerome Rex ("Rex").  During the robbery, Appellant shot and killed Rex. On October 28, 1991, Appellant was convicted of second-degree murder,[1] robbery,[2] criminal conspiracy,[3] and carrying a firearm on the streets

---

[1] 18 Pa.C.S.A. § 2502(b).

[2] 18 Pa.C.S.A. § 3701.

[3] 18 Pa.C.S.A. § 903.

of Philadelphia.[4]  On October 27, 1992, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole ("LWOP").  Pursuant to statute, the trial court was required to sentence Appellant to LWOP for the second-degree murder conviction.  See 18 Pa.C.S.A. § 1102(b); 61 Pa.C.S.A. § 6137(a)(1).  On direct appeal, this Court affirmed and our Supreme Court denied allowance of appeal.  ***Commonwealth v. Adams***, 626 A.2d 1231 (Pa. Super. 1993), *appeal denied*, 636 A.2d 631 (Pa. 1993).

On February 8, 2008, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and filed an amended petition.  On October 21,2010, after an evidentiary hearing, the PCRA court denied the petition.  On appeal, this Court affirmed.  ***Commonwealth v. Adams***, 38 A.3d 915 (Pa. Super. 2011) (unpublished memorandum).

On July 18, 2012, Appellant filed his second PCRA petition.  On November 28, 2016, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing.  ***See*** Pa.R.Crim.P. 907.  On December 8, 2016, Appellant filed a response to the Rule 907 notice.  On February 10, 2017, the PCRA court dismissed the petition.  This timely appeal followed.[5]

---

[4] 18 Pa.C.S.A. § 6108.

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal.  ***See*** Pa.R.A.P. 1925(b).  Nonetheless, on March 31, 2017, the PCRA court issued a Rule 1925(a) opinion.

Appellant presents three issues for our review:

1. Whether the PCRA court erred in denying [Appellant's petition] as untimely filed when [Appellant] established that his [recognized] constitutional right claim was within the plain language of the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii), and [] (b)(2)?

2. Whether it's cruel and unusual punishment to impose a mandatory sentence of [LWOP] on [Appellant] who was a minor of 18 years of age, and [whether such a sentence violates the Equal Protection Clause of the Fourteenth Amendment]?

3. Whether [Appellant's] mandatory sentence of [LWOP] violates the Eighth Amendment to the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution[?]

Appellant's Brief at vii (internal brackets, quotation marks, and complete capitalization omitted).

In his first issue, Appellant argues that the PCRA court erred in dismissing his PCRA petition as untimely. He contends that he satisfied the new constitutional rule exception to the PCRA's timeliness requirement. "Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition." *Commonwealth v. Brown*, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature[.]" *Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on February 14, 1994. *See* Sup. Ct. R. 13. Appellant's second PCRA petition was filed on July 18, 2012. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The petitioner bears the burden to plead and prove an applicable statutory exception." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 2017 WL 3614192 (Pa. Aug. 23, 2017).

Appellant argues that he satisfied the new constitutional rule exception because he filed his petition within 60 days of the Supreme Court of the United

-4-

States' decision in *Miller v. Alabama*, 567 U.S. 460 (2012), which held that mandatory LWOP sentences for juvenile homicide offenders is unconstitutional.[6] *Miller* was later made retroactive by *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). Appellant argues that, under *Miller*, it is illegal to sentence an individual to a mandatory term of LWOP if he or she is an adolescent. Although Appellant was 18 years old at the time of the instant offense, he argues that he was still an adolescent. Thus, Appellant contends that he satisfied the new constitutional rule exception because he is entitled to relief under *Miller*, which was made retroactive by *Montgomery*.

This Court previously addressed this argument in *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016). This Court noted that *Miller* only applies to defendants who were "under the age of 18 at the time of their crimes." *Id.* at 94, *quoting Miller*, 567 U.S. at 465. Moreover, as this Court noted in *Furgess*, Appellant's argument attempts to extend *Miller* to those adults whose brains were not fully developed at the time of their offense, *i.e.*, adolescents. *See Furgess*, 149 A.3d at 94. This argument fails, however, because "a contention that a newly-recognized constitutional right should be extended to others does not [satisfy the new constitutional rule exception to the PCRA's timeliness requirement.]" *Id.* at 95 (internal alteration omitted;

---

[6] In his petition, Appellant also argues that he satisfied the new constitutional rule exception because he amended his petition within 60 days of *Alleyne v. United States*, 133 S.Ct. 2151 (2013). As Appellant concedes on appeal, however, "*Alleyne* is unrelated to juvenile sentencing." Appellant's Brief at 30.

emphasis removed), *quoting* **Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013).

Instead, the PCRA requires that the Supreme Court of the United States or our Supreme Court extend the new constitutional right to a class of individuals, and make the extension retroactive, in order to satisfy the new constitutional rule timeliness exception. 42 Pa.C.S.A. § 9545(b)(1)(iii). **Montgomery** merely made **Miller** retroactive for juvenile offenders whose judgments of sentence were final. It did not extend **Miller**'s holding to those individuals who committed homicides as adults. **Furgess**, 149 A.3d at 95.

Although the petitioner in **Furgess** only raised a claim under the Eighth Amendment, while Appellant also raises a claim under the Fourteenth Amendment's Equal Protection Clause, it is not distinguishable from the case at bar. Neither the Supreme Court of the United States nor our Supreme Court has held that **Miller** announced a new rule under the Equal Protection Clause. Instead, **Miller** only announced a new rule with respect to the Eighth Amendment. Thus, Appellant's Equal Protection Clause argument is also an attempt to extend **Miller**'s holding. Accordingly, Appellant failed to plead and prove the applicability of a statutory exception to the PCRA's timeliness requirement.

As Appellant failed to plead and prove the applicability of the new constitutional rule exception to the PCRA's timeliness requirement, the PCRA court correctly held that it lacked jurisdiction over Appellant's petition.

Therefore, we need not address Appellant's second and third issues, which argue that he is entitled to relief on the merits. Accordingly, we strike the Commonwealth's brief[7] and affirm the PCRA court's order dismissing the petition.

Application to strike granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2017

---

[7] ***See Commonwealth v. Brown***, 161 A.3d 960, 964 n.2 (Pa. Super. 2017) (refusing to consider a late brief filed by the Philadelphia County District Attorney after it "flout[ed]" this Court's orders regarding due dates for briefs).